Filed 10/26/15  P. v. O'Brien CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051240 |
| v. | (Super. Ct. No. 12HF0225) |
| TIMOTHY ERIC O'BRIEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Appeal dismissed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Amanda E. Casillas, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

In February 2012, defendant Timothy Eric O'Brien entered into a plea bargain, admitting felony possession of methamphetamine. The sentence was suspended and defendant was placed on probation for three years. Defendant understood that if he violated probation, he could be sentenced to up to seven years in prison followed by parole or three years postrelease community supervision (PRCS).

In March 2013, after probation violations, defendant was sentenced to prison for two years. After his release, he served additional time in jail for further violations. On December 23, 2014, the prosecution filed a petition to revoke defendant's PRCS because he had failed to report to probation and had been arrested again for possession of a controlled substance.

As of December 30, defendant was in custody. On the same date, defendant filed a petition to have his February 2012 felony conviction for possession of methamphetamine reduced to a misdemeanor under Penal Code section 1170.18, the statute implementing voter-approved Proposition 47 (Gen. Elec. (Nov. 4, 2014).[1] The petition alleged defendant had completed his sentence and requested reduction under section 1170.18, subdivision (f), or alternatively, subdivision (a).[2]

The trial court heard the application on the same day. The court determined defendant was not eligible for relief under subdivision (f) and granted the petition under subdivision (a) to redesignate the felony as a misdemeanor. The court ordered defendant

[1] Subsequent statutory references are to the Penal Code. All references to subdivisions refer to section 1170.18.

[2] Section 1170.18 distinguishes between those "currently serving a sentence" (subd. (a)) and those who have "completed his or her sentence." (Subd. (f).) If an individual is "currently serving a sentence," the court must recall the felony sentence of an eligible petitioner, and resentence the petitioner to a misdemeanor unless the court determines that doing so would unreasonably endanger the public. The petitioner is generally subject to a year of parole. (Subd. (d).) In contrast, those who have "completed his or her sentence" may apply to have the conviction reclassified as a misdemeanor. Unlike subdivision (a), there is no period of parole under subdivision (f).

2

to serve 365 days with credit for 365 days, and placed him on parole for one year pursuant to subdivision (d). Defendant filed the instant appeal on January 2, 2015.

While the appeal was pending, on August 16, 2015, we received a letter from defendant's counsel advising us the trial court had discharged defendant from his year of parole pursuant to this court's decision in *People v. Morales* (2015) 238 Cal.App.4th 42, review granted Aug. 26, 2015, S228030. On August 18, we indicated to the parties that absent objection from either party within 10 days, we intended to dismiss the appeal. While that period was pending, review was granted on *People v. Morales*, but no objections were filed by the parties.

Defendant has received the relief he sought on appeal in the trial court. Neither party has objected to dismissal and no other issues were presented by the appeal. We therefore exercise our discretion to deem the appeal abandoned, and accordingly, we dismiss. (See *In re Shigemura* (2012) 210 Cal.App.4th 440, 451, fn. 4.)[3]


 

 

 

                            MOORE, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


FYBEL, J.

---

[3] Had we reviewed the case on the merits, we would have ordered the trial court to do what it has already done – permit the requirement of parole to stand, but recalculate defendant's excess credits to reduce his parole period. (See *People v. Armogeda* (Sept. 30, 2015, G051197) __Cal.App.4th __ [2015 WL 5722848, p. *1].)